07-21228.od

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21228-CIV-MARTINEZ-BROWN

RICHARD W. SCHAIR, et al.,

    Plaintiffs,

vs.

PHILIP A. MARSTELLER, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS (FORUM NON CONVENIENS)

**This matter** is before this Court on Defendants' Motion to Dismiss Pursuant to the Doctrine of Forum Non Conveniens, filed January 18, 2008. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The doctrine of forum non conveniens gives the court discretion, even though the court has venue, to transfer a case to another jurisdiction where it appears that the convenience of the parties and the court, and the interests of justice, would be better served. See, e.g., Roofing & Sheet Metal Svcs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982). A party moving to dismiss on the basis of forum non conveniens has the burden of persuading this Court that: (1) an alternative forum is available; (2) the public and private factors weigh in favor of dismissal; and (3) the plaintiff will be able to reinstate the suit in the alternative forum without undue inconvenience or prejudice. See Leon v. Million Air, Inc., 251 F. 3d 1305, 1311 (11th Cir. 2001). Defendants fail to

1

meet their burden on most of the elements.

Initially, defendants attempt to show that this case could be litigated in Brazil on the basis that another Court in this district has determined same, citing to the case of <u>Da Rocha v. Bell Helicopter Textron, Inc.</u>, 451 F. Supp. 2d 1318, 1322 (S.D. Fla. 2006), and that is all they've done to substantiate the alternative forum. They fail to note that the <u>Da Rocha</u> case is vastly different from the instant case on several fronts: (1) the plaintiffs in that case were from Brazil; (2) the tort occurred in Brazil (unlike this case where if the tort occurred, it occurred in the United States and, at least in part, in Florida); (3) the vast amount of the evidence was in Brazil (unlike this case where, although the alleged defenses may require Brazilian evidence, the plaintiffs' evidence is primarily in the United States); (4) the cause of action in that case was a product liability claim (unlike the causes of action in this case); (5) all of the eyewitnesses were in Brazil as was the governmental authority that investigated the accident (unlike this case where the witnesses to the purported torts are in the United States); and, last but certainly not least, there was expert testimony offered that Brazil could and would exercise jurisdiction over that case. There is no such evidence in this case. We do not even know if Brazil recognizes the tort of defamation. An exhibit attached to the motion entitled "Brazil Judicial Assistance" hardly qualifies as evidence in this regard, much less expert testimony.

The issues of the public and private factors present a closer question. While defendants make much of the fact that the alleged acts that occurred happened in Brazil, the cause of action at issue is for defamation that allegedly occurred in the United States. Defendants focus on the subject matter of the alleged defamatory statements (page 7 of the motion) rather than the place(s) where they allegedly were made. Interestingly, while plaintiffs go to great lengths to show in detail that the majority of the testimony and witnesses will be in the United States (pages 6-9 of the memorandum in opposition), defendants virtually ignore this in the reply, devoting less than a page that says little, if anything, to rebut what's been offered. In fact, the rebuttal starts out by noting that plaintiffs "fail

to supply any affidavits setting forth any additional facts..." (page 1 of the reply), apparently trying to turn the burden of persuasion on its proverbial ear.

Attached to the motion in the way of "facts" is an affidavit of defendant Marsteller, the substance of which was just discussed, supra. More telling, however, is the answer to the complaint, wherein defendants deny making the allegations against plaintiffs. All of the evidence regarding the making (or not) of these alleged statements will be forthcoming from witnesses in the United States. These somewhat vague Brazilian witnesses are not alleged to have any knowledge regarding the alleged defamatory statements themselves. Indeed, in the motion defendants state "[O]ne of the issues in this case...will be what exact statements, if any, were made to said customers or officials by Defendant Marsteller...". Defendant do not, however, suggest that any evidence regarding this issue is in Brazil.

The Court recognizes that there will be difficulties regarding getting witnesses to trial regardless of where the trial is held. The Court does not find, however, that the difficulties in obtaining Brazilian testimony for use in the United States is significantly quantitatively or qualitatively more difficult than the presentation of witnesses in Brazil. The public interest factors, though not significant in this case, favor trial in the United States. The alleged torts were committed here. The alleged defamation was committed here. The alleged damages to plaintiffs occurred here. Finally, the "vindication," if any is due, should be here.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of July, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
Counsel of record