07-21228.og

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21228-CIV-MARTINEZ-BROWN

RICHARD W. SCHAIR, et al.,

    Plaintiffs,

vs.

PHILIP A. MARSTELLER, et al.,

    Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**This matter** is before this Court on Defendants' Motion for Final Summary Judgment (DE 83). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

### Facts

Plaintiff, Richard Schair ("Schair") is a resident of Georgia, and is a principal of Plaintiff, Wet-A-Line Tours, LLC ("Wet-A-Line"), a limited liability company with its home office in Georgia. Defendant Amazon Tours, Inc. ("Amazon") is a Texas corporation whose principal is Philip Marsteller ("Marsteller"). Wet-A-Line and Amazon are competitors in the peacock bass tourist fishing industry on the Amazon River in Brazil.

On February 2, 2007 and March 2, 2007, Marsteller, while at Miami International Airport in Miami, Florida, in transit to Brazil, made statements to certain of Plaintiff's customers regarding Plaintiffs' fishing operations. Schair has presented an affidavit in which he states that Marsteller stated that Schair was "currently running drugs through" Wet-A-Line, that clients "should avoid

1

booking any tours with Wet-A-Line because of [his] 'drug connections'," and that Schair, through Wet-A-Line, was involved in illegal prostitution.[1]  Aff. ¶¶4, 9.

On May 11, 2007, Plaintiffs filed a Complaint against Amazon and Marsteller alleging slander, slander per se, and tortious interference with a business relationship, and seeking compensatory damages for alleged loss of profits and diminution of good will as well as punitive damages. A First Amended Complaint was filed on March 21, 2008. On July 21, 2008, this Court dismissed Marsteller as a defendant based on lack of personal jurisdiction.

## Discussion

Defendant Amazon does not deny that Marsteller made certain statements concerning Schair, but maintains that Plaintiffs have failed to provide adequate evidence of necessary elements of their causes of action.

### I. Legal Standard

Summary judgment is proper only when no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002). The Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Id. A genuine issue as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). However, if the facts and inferences overwhelmingly favor one side, such that a reasonable jury could only arrive at one verdict,

---

[1] Schair also alleges that Marsteller informed the Office of Immigration and Customs Enforcement that Schair was illegally "attempting to leave the country with a large amount of cash." Aff. ¶9.

then summary judgment must be granted as a matter of law. Williams v. Dresser Indus., Inc., 120 F.3d 1163, 1167 (11th Cir. 1997). For the nonmovant to survive such a grant, there must be more than a mere scintilla of evidence. Id.

## II. Slander (Count I)/ Slander Per Se (Count II)

The elements of a cause of action for slander under Florida law are: (1) the defendant published a false statement about the plaintiff; (2) to a third party; and (3) the falsity of the statement caused actual damage to the plaintiff. See, e.g., Razner v. Wellington Regional Medical Ctr., Inc., 837 So. 2d 437, 442 (Fla. 4th DCA 2002). Defendant argues that Plaintiffs have failed to establish (1) that the alleged statements made by Marsteller were false; and (2) that Plaintiffs were damaged and/or harmed as a direct result of Marsteller's statements.

1. Falsity

Defendant has presented the deposition testimony of two former employees of Wet-A-Line which does support the truth of the statements. However, in his affidavit, Schair denies any involvement in illegal activity, and specifically denies that any illegal activity ever occurred on Wet-A-Line yachts. Schair additionally raises issues concerning the credibility of Defendant's witnesses. Accordingly, an issue of material fact exists as to the falsity of the statements.

2. Damages

Plaintiffs have sued Defendant for slander per se. Under Florida law, words that are slanderous per se are those that necessarily cause damage to the plaintiff, such as to "his personal, reputation, or business life." Carlson v. WPLG/TV-10, 956 F. Supp. 994, 1006 (S. D. Fla. 1996). "Because this injury is a necessary and proximate cause of the words spoken, general damages are presumed or implied from the actual statement of the words themselves." Id. The Court finds the words allegedly spoken by Marsteller would be slanderous per se, and therefore no additional proof

3

of damage is required.[2]

To the extent that Plaintiffs seek damages for lost profits, they must show an adequate measure of damages. Fla. Sunrise, Ltd. v. Tri-M Inv. of S. Fla., Inc., 942 So. 2d 421, 424 (Fla. 4th DCA 2006). Schair's affidavit states that "Wet-A-Line's booking, reservations, revenues and profits have declined substantially, starting in the spring of 2007." Schair Aff. ¶14. The Court finds that Plaintiffs have sufficiently raised an issue of fact as to the amount of damages which were caused by the statements which are considered slanderous per se.

### 3. Punitive Damages

Defendant argues that Plaintiffs have failed to show an entitlement to punitive damages because there is no proof that the statements were malicious in nature. See Army Aviation Heritage Found. & Museum, Inc. v. Buis, 504 F. Supp. 2d 1254, 1266 (N.D. Fla. 2007). However, in an action for slander per se, punitive damages may be awarded even if plaintiff fails to prove any actual damages. Saunders Hardware Five and Ten, Inc. v. Low, 307 So. 2d 893 (Fla. 3d DCA 1974).

### III. Intentional Interference (Count III)

In order to state a cause of action for intentional interference under Florida law, Plaintiffs must show (1) a business relationship, not necessarily evidenced by an enforceable contract; (2) the defendant has knowledge of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) the plaintiff suffered damages. Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985).

Plaintiffs have identified two clients to whom Marsteller made the slanderous statements, satisfying element (1). The Court agrees with Plaintiffs that the nature of the parties' relationship as business competitors, as well as the nature of the statements, create a factual issue for the jury as to

---

[2]To the extent that any statements were made which do not qualify as slanderous per se, Plaintiffs have failed to prove damage, as discussed in section III, infra.

the intent with which the statements were made. See Fleming v. People's First Financial Sav. and Loan Ass'n, 667 So. 2d 273, 274 (Fla. 1st DCA 1995) (noting that "generally, fact issues relating to intent do not lend themselves to summary judgment ...").

As to the issue of damages, Plaintiffs claim that they have lost profits due to the failure of these former clients, as well as others, to book any additional cruises with them. The only "evidence" submitted by Plaintiffs on this point is Schair's affidavit in which he states that he "know[s] of no other reason for this sudden stoppage of client bookings from these agents and clients themselves other than Marsteller's defamatory statements." Aff. ¶12. Plaintiff has not offered any testimony or affidavits from any of the clients or agents themselves. Plaintiff Schair's speculation alone is insufficient to create an issue of fact as to damages in an action for intentional interference with a business relationship.

### IV. Conclusion

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Final Summary Judgment be **GRANTED** as to Counts I and III and **DENIED** as to Count II.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record